EUGENIA SEVILLA, Plaintiff and Appellee, *v.* DEOGRACIAS VÉLEZ ET UX, Defendants and Appellants.

No. 10114.   Argued May 1, 1950.—Decided May 18, 1950.

*Luis A. Archilla Laugier* and *José E. Bosch Roqué* for appellants.
*Manuel Torres Reyes* and *Sergio A. Silva* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

The defendants appealed from an order entered by the District Court of Bayamón decreeing a preliminary injunction and ordering the defendants, their agents, servants, employees, and attorneys (sic) to refrain from constructing or repairing in any way the house mentioned in the order which is located on plaintiff's lot and described as such, until the final determination of the proceeding, upon the plaintiff posting bond for $1,500.

In support of their appeal the defendants first contend that the lower court erred in not dismissing the suit, since another action, previously filed, is pending in said court, between the same parties and based on the same facts. In the complaint herein it is alleged essentially with respect to this contention that the defendants, in open violation of the oral agreement entered into between them and the plaintiff, and against the latter's will and without her authorization and consent constructed a concrete block house at the back of the frame house where they live, measuring 15 feet 11 inches in front, by 16 feet 6 inches in depth by 10 feet 3 inches in height; that said construction has already been

finished; that on June 1949 [1] the defendants also started to reconstruct the frame house, which they occupy, of reinforced concrete and blocks; that they started from the rear of the house and have already finished an extension of 10 feet 5 inches long by 10 feet 10 inches high by 17 feet 10 inches wide; that defendants have also erected footings of reinforced blocks along both sides of the house, the left and right facing the house, measuring 33 feet 10 inches long by 3 feet 7 inches high; that in the rear of the house where they live, they have made an excavation of 10 feet 3 inches high by 6 feet 6 inches deep by 11 feet 10 inches long, for the purpose of making a septic tank, which spoils the whole appearance of the lot; and finally, that the defendants have laid a concrete foundation of the house with the intention of constructing the whole house of cement blocks. It is prayed that a permanent injunction be issued by the court enjoining the defendants from reconstructing the frame house of concrete blocks or reinforced concrete, and ordering them to destroy the work above described.

On the other hand, it appears from the petition for injunction filed one month and six days prior to civil action R–4962, which was offered in evidence by the defendants, that although it is stated in the petition that the plaintiff is owner of the lot described in the complaint herein, however, it is only alleged therein that the defendants began the construction of a concrete block house measuring 10 feet in front by 10 feet in depth, at the back of the frame house where the defendants live. However, in this first petition no reference is made to the other concrete block house mentioned in the complaint herein, to the footings of reinforced concrete, to the septic tank, or to the concrete foundation.

It is a well-settled rule of law that the pendency of a prior suit between the same parties for the same cause of action is a ground for demurrer. See § 105 of the Code of Civil Procedure; 1 Cal. Jur. 23, § 4; 1 C.J.S. 63, § 40; 1 Am.

---

[1] The complaint was filed on June 17, 1949.

Jur. 27, § 14. Therefore, although it is true that in the instant case a new complaint should not have been filed but rather a supplemental complaint, inasmuch as it involves the same parties and the same cause of action, the second complaint filed could have been considered as supplemental and consequently, the error, if any, was not reversible.

■ The defendants also allege that the complaint in the terms in which it is couched does not state facts sufficient to constitute a cause of action. We have already set forth a brief summary of the works which according to the complaint are being carried out by the defendants against plaintiff's will. As in said complaint it is also alleged that the plaintiff is the owner of the lot described, that a frame house belonging to the defendants is located in said lot, and that they pay a rental for the use of the lot, as well as that defendants without the consent of the plaintiff and against her will have carried out the so often mentioned works, the complaint clearly sets up a cause of action. See subdivision 1, § 677, Code of Civil Procedure.

■ Defendants' contention to the effect that the action brought is premature, because in their judgment the plaintiff must wait until the expiration of the contract of lease before seeking relief from the courts, does not merit serious consideration. A lessor does not need to wait until the expiration of the contract of lease to prevent a lessee from constructing in the property under contract works which might prejudice his rights. *Heirs of Rivera* v. *González*, 33 P.R.R. 973; Lewis & Spelling, The Law of Injunctions, 1926 ed., § 147, p. 320.

■ Likewise we do not agree with defendants in that the lower court erred in issuing a writ of preliminary injunction without bearing in mind that the relative convenience was in their favor and against the plaintiff. The rule of relative convenience is not applicable to cases in which injunction is sought to restrain the violation of a contract.

Lewis & Spelling, *op cit.*, § 29, p. 61. See also 28 Am. Jur., § 55, p. 252.

On the other hand, we do not think that the order issued by the lower court is contrary to the evidence. In short, the evidence showed that the plaintiff is owner of a lot measuring 34 hundredths of a cuerda, located on the northerly side of the highway leading from San Juan to Bayamón, near the place known as Suchville; that originally she authorized Pedro Meléndez to construct a frame house in the said lot, who paid her for the use of the lot; that said house was sold by Meléndez to Mercedes Pastrana, who also lived there under similar conditions; and that Pastrana sold it to the defendants herein, who have also been paying a monthly rental of $2.50 for the use of the lot, payable every six months; that the plaintiff authorized the defendants verbally to repair the house, provided that such repairs were made of wood; that she never authorized them to repair the house of reinforced concrete or of concrete blocks, nor to make any other construction on the leased lot. The evidence for the defendants showed that the frame house was in a very bad condition and needed urgent repairs; that the latrine was also in a very bad condition and that the Department of Health had given them ten days to make a new latrine model 108, with a septic tank; and that precisely what they are doing is repairing the house, the porch, and the bathroom, putting concrete posts and complying with the requirements of the Department. The defendants also stated that they had never spoken with the plaintiff as to any prohibition of doing work of reinforced concrete or of concrete blocks. The lower court believed the evidence for the plaintiff. It also made an inspection in the presence of the parties. In our judgment its decision is wholly supported by the evidence.

The defendants also insist that the lower court erred in issuing a writ of injunction without stating sufficient grounds in law for its issuance and in not describing with reasonable details the act or acts the performance of which

was enjoined by said writ. This error was not committed either. An examination of the order appealed from fully shows the grounds on which the lower court decreed the pleliminary injunction sought. In the order it is stated in brief that the plaintiff is owner of the parcel of land described; that the same was leased to the defendants, and that the latter had a fair-sized frame house located in said lot; that the defendants are practically tansforming said house into a reinforced concrete and block building with a good bathroom finished with wall tiles, that when the plaintiff leased the lot to the defendants she prohibited such reconstruction and that if the latter are allowed to continue the reconstruction of the house in the manner indicated the value of the house would be greatly increased, and that inasmuch as the issuance of a preliminary injunction is a matter within the sound discretion of the lower court, such discretion should be exercised in favor of the party which might be more prejudiced. The lower court closes its order specifying the acts which the defendants, their agents, etc., should refrain from executing, thereby complying with the provisions of Rule 65 (d) of the Rules of Civil Procedure.

Finally the defendants charge the lower court with having acted under the influence of passion, prejudice, and partiality, and with having committed manifest error in weighing the evidence. We have carefully examined the record and we really do not see any ground for such imputations nor that the court committed manifest error in weighing the evidence.

As none of the errors assigned were committed, the judgment appealed from will be affirmed.

Mr. Justice Snyder did not participate herein.

---

ON RECONSIDERATION

JULY 28, 1950.

PER CURIAM: On May 18, 1950 we rendered judgment affirming the order entered by the District Court of Baya-

món in the above-entitled case. The defendants-appellants pray now for the reconsideration of our earlier judgment on the ground that the aforesaid order of the court *a quo* enjoining them "from constructing or repairing in any way" the frame house belonging to them located on plaintiff's lot went beyond the latter's request and showing, and on the ground that in disposing of the seventh error assigned in their brief which charges the lower court with having acted under the influence of passion, prejudice, and partiality, we saw no ground for such imputations, whereby they feel "as if they had committed a slanderous and despicable act."

After setting forth in the complaint the facts on which the action is grounded, it is prayed that the court "issue a final injunction in consonance with plaintiff's right; enjoining the defendants from reconstructing the frame house of concrete blocks or reinforced concrete; ordering the destruction of the work done and previously described; and adjudging the defendants to pay the costs, expenses, and attorney's fees. . ." As we stated in our opinion, however, the order entered by the district court decrees the issuance of "an injunction against the defendants, their agents, servants, employees, and their attorneys to refrain from constructing or repairing *in any way* the aforesaid house which is located on the lot or parcel of land previously described and which belongs to the plaintiff, until the determination of this action, provided that the plaintiff post a bond for fifteen hundred dollars ($1,500) for the payment of costs and damages which might be incurred or sustained by the defendants by reason of this proceeding."

Nevertheless, as evidenced by the proof and as we stated in our opinion "the plaintiff authorized the defendants verbally to repair the house, provided that such repairs were made of wood" and "never authorized them to repair the house of reinforced concrete or of concrete blocks, nor to make any other construction on the leased lot." The lower

court in issuing the preliminary injunction to which we have referred went, therefore, beyond plaintiff's request and beyond the facts determined by the evidence. Hence, said order should be modified.

Now then, in holding that the seventh error—relative to the charge of passion, prejudice, and partiality—had not been committed, we stated in our opinion that "we really do not see any ground for such imputations." However, such words do not have the scope ascribed thereto by the appellants.

The reconsideration will be granted and the order entered by the District Court of Bayamón on July 15, 1949, modified in order to prohibit the defendants from constructing or repairing with concrete blocks or with reinforced concrete the latter's house described in the complaint, and thus modified affirmed.